948 F.2d 1283
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Curtis L. BELL, Defendant-Appellant.
 No. 91-5519.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 19, 1991.
Decided Nov. 21, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (CR-90-251)
 Clarence F. Stanback, Jr., Arlington, Va., for appellant.
 Henry E. Hudson, United States Attorney, Gordon D. Kromberg, Assistant United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS, SPROUSE and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Curtis L. Bell appeals his jury conviction on the charge of driving after being declared an habitual offender and being prohibited from driving by court order, in violation of 18 U.S.C. § 13, assimilating Va.Code Ann. § 46.2-357. Bell claims that the district court abused its discretion by allowing his former probation officer to testify in the government's case in chief. We affirm.
 
 
 2
 Testimony at trial established that police officers stopped the car Bell was operating on the grounds of the Pentagon. Bell gave them a false name and could not produce a valid driver's license. The officers took Bell to their station where they discovered his true name. A copy of the habitual offender order was received into evidence in addition to Curtis Bell's driving record. Defense counsel crossexamined a government's witness concerning the possibility of fraud and mistake in the driving record. Another officer testified that in an earlier court proceeding Bell testified that he was at a hearing in state court on the habitual offender charge.
 
 
 3
 Bell's former probation officer, Mr. Rash, testified that he supervised the defendant Curtis Bell at one time and prepared a presentence report on him. Defense counsel then objected and moved for a mistrial because of the mention of the presentence report and the implication it carried that Bell had a record. The district court denied the motion. Rash then testified, over another defense objection, that he knew the Curtis Bell he supervised had been adjudged an habitual offender. Defense counsel later made a motion to strike because Mr. Rash's knowledge was based on his research rather than on personal knowledge. Counsel later renewed that motion and the parties agree that the district court struck all of Mr. Rash's testimony and refused to allow the presentence report into evidence.
 
 
 4
 Because the district court struck Mr. Rash's testimony, we construe Bell's contention on appeal to be that the district court erred by denying his motion for mistrial after the jury heard Mr. Rash's testimony regarding the presentence report. See United States v. Pavon, 561 F.2d 799, 802 (9th Cir.1977). We review the denial of a motion for mistrial to determine whether the denial constituted a clear abuse of discretion. United States v. Thompson, 744 F.2d 1065, 1068 (4th Cir.1984).
 
 
 5
 Bell relies on United States v. Calhoun, 544 F.2d 291 (6th Cir.1976), in support of his argument that he was unduly prejudiced by the testimony of Mr. Rash. However, we have explicitly rejected the rationale of Calhoun. United States v. Allen, 787 F.2d 933, 938 (4th Cir.1986), vacated on other grounds, 479 U.S. 1077 (1987). Both Calhoun and Allen involved the identification of bank robbery suspects by police and parole officers viewing surveillance photographs. In Allen, we found that such testimony does not constrain defense counsel's cross-examination of the witness to a degree warranting a rule that a per se abuse of discretion occurs through Fed.R.Evid. 403.
 
 
 6
 Even though Calhoun focused primarily on the effect of the witnesses' occupation on cross-examination, Bell focuses more on the testimony's effect of revealing to the jury the fact that a presentence report was made on him. It is just as well because we find no significant limitation on Bell's cross-examination of Mr. Rash caused by the fact that he was a former probation officer. This fact was revealed to the jury during direct examination, thus defense counsel did not have to worry about revealing that to the jury. The transcript of trial reveals that counsel was successful in cross-examining Mr. Rash to the extent that he won the court's order striking the testimony. Therefore, the rationale of Calhoun, even if we had not rejected it, fails to support Bell's argument.
 
 
 7
 We also reject Bell's argument that Mr. Rash's testimony unduly prejudiced him because it informed the jury that he had a prior record. The jury knew from other evidence that he had been declared an habitual offender. His driving record had been introduced which undoubtedly revealed numerous prior convictions. See Va.Code Ann. § 46.2-351 (1989) (prerequisites for habitual offender designation). The habitual offender order was dated in 1979 and Mr. Rash testified that he made the presentence report in 1980. Therefore, the order and presentence report were fairly close in time from which the jurors may have inferred that the presentence report was connected to the already disclosed habitual offender convictions.
 
 
 8
 Moreover, the district court struck the testimony from evidence and Bell does not dispute the government's statement that in the final charge the district court instructed the jury to decide the case on the evidence before it. The striking of Mr. Rash's testimony from evidence and the instructions to the jury prevented the jury from being prejudiced by the testimony. See United States v. Snowden, 770 F.2d 393, 396 (4th Cir.), cert. denied, 474 U.S. 1011 (1985).
 
 
 9
 Finally, the evidence against Bell was strong. There was no question that he was driving the vehicle. The only question was whether he was the same person declared an habitual offender. The testimony concerning Bell's statements in the former hearing and the fact that he gave an alias to the police when stopped allowed the jury to find that this element was proved. Considering all of the circumstances surrounding the motion, we find that the district court did not abuse its discretion in denying Bell's motion for a mistrial.
 
 
 10
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED.